[No. 4749.]

HALLET v. CARPENTER ET AL.

1. **Water Rights—Several User of Appropriation—Change of Point of Diversion and Place of Use.**

Where there is a several user of an appropriation of water by the owners, the water to which either of the parties is entitled may be changed both in point of diversion and place of use, unless it injuriously affects the rights of others.—P. 32.

2. **Water Rights—Mutual Ditch—Amount of Interest—Change of Point of Diversion and Place of Use.**

The amount of water to which each of the owners of a mutual ditch using water severally is entitled, and the right to

change the point of diversion or place of use, may be determined in one proceeding; for it would avail the other parties interested nothing to compel the petitioner to proceed first to have his specific rights determined, and then in a separate proceeding to secure the right to change the point of diversion. It is contrary to the principles of equity and good sense to compel parties to engage in two suits at law or equity, when the whole matter can be determined in one; for equity, as well as good conscience, abhors a multiplicity of suits.—P. 33.

3. **Water Rights—Decrees—Change of Point of Diversion and Place of Use.**

It is no objection to a decree authorizing the transfer of the point of diversion and the place of use of a portion of an appropriation of water that the amount adjudicated to be transferred out of the appropriation is a definite quantity of water, and that, in times of scarcity or when the ditch is not receiving its full appropriation, the remaining consumers of water will have the amount to which they are entitled diminished beyond what it would be had the transfer not been made; for, in the event of the supply of water becoming insufficient to supply the appropriation, the decree permitting the transfer will be construed as permitting only such portion of the appropriation as the amount transferred bears to the whole.—P. 34.

*Appeal from the District Court of Costilla County. Hon. Chas. C. Holbrook, Judge.*

*On Rehearing.*

Proceeding by George A. Carpenter, Christian Keck and John Beiger for a decree authorizing the transfer of a portion of the appropriation or water belonging to a certain ditch. From such decree, Moses Hallet appeals.                    *Affirmed.*

Messrs. MACBETH & MAY and Mr. JESSE STEPHENSON, for appellant.

Mr. IRA J. BLOOMFIELD, for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In this proceeding the district court of Costilla county made a decree authorizing the transfer of a

portion of the appropriation of water belonging to the Independent Ditch No. 2. This ditch was a mutual one owned in common by nine farmers, each owning one-ninth of the water. Three of the owners sold to appellees three and one-third cubic feet, to be deducted from their share, and it was this water which the trial court ordered transferred into the Meadow Glen ditch.

Appellant contends that the court erred in rendering the decree, for several reasons:

First. That the right to change the point of diversion of a portion of the appropriation cannot be obtained until some appropriate proceedings are had by which the several rights of the parties may be determined.

This court has already decided that where there is a several user of an appropriation of water by the owners, the water to which either of the parties is entitled may be changed both in point of diversion and place of use unless it injuriously affects the rights of others.—*City of Telluride v. Davis*, 33 Colo. 355, 80 Pac. 1051.

Upon rehearing it is sought to distinguish the case of the *City of Telluride v. Davis*, because in that case it was agreed as to what the respective shares or interests of the parties in the appropriation were. While in this case it was not only sought to change the point of diversion but to determine the *pro rata* interests of the parties in the water, and it is contended that this cannot properly be done in proceedings of this character.

*Putnam v. Curtis*, 7 Colo. App. 437, is cited as authority upon that proposition. The matter there involved was a statutory proceeding for an adjudication of priorities of right to the use of water, and it was there properly held that in such proceeding the court does not have jurisdiction to determine

disputes between claimants in the same ditch. The object of the proceeding under the adjudication statute is to determine the amount and date of the appropriations of water to which the ditch is entitled, and the title to the ditch or the rights of any of the consumers of water from the ditch are entirely foreign to the issue, but after the appropriations have been determined and settled and the owner of any portion thereof desires to change the point of diversion or place of use of so much of the appropriation as he is entitled to, the question as to the amount of his interest is material and must be determined at the time or before the change is permitted. There is no good reason why this may not be done in one proceeding. It would avail the other parties interested nothing to compel the petitioner to proceed first to have his specific rights determined, and then in a separate proceeding to secure the right to change the point of diversion. It is contrary to the principles of equity and good sense to compel parties to engage in two suits at law or equity when the whole matter can be determined in one. Equity as well as good conscience abhors a multiplicity of actions.

Second. It is contended by appellant that the permitting of this transfer in the change of point of diversion and place of use would injuriously affect his rights. If that be true, of course the transfer could not be made, and upon this point the testimony is far from satisfactory.

The parties seem to have contented themselves with proving by the opinions of those acquainted with the premises whether or not in their judgment the rights of appellant would be injuriously affected. While there is much talk of seepage and evaporation, we are left in ignorance as to the difference in amount of this seepage and evaporation before and

after the transfer was made. While the evidence as to resulting injury is not as clear as it might be, still the findings of the referee are supported by competent testimony, and under the peculiar conditions of this record will not be disturbed.

Appellant further contends that he will be injured because it may become necessary for him to assume the payment of a greater portion of the expense of maintaining the ditch than it would if the transfer was not made. Appellees answer by saying that at all times since the change was made they have contributed toward the expense of maintaining the ditch to the same extent that they and their grantors had before. Appellant says that this is true, but they may not always do so. It is time to determine that question when the parties refuse to pay their *pro rata* share of this expense.

Complaint is also made that the amount adjudicated to be transferred out of the appropriation is a definite quantity of water, and that in times of scarcity or when the ditch is not receiving its full appropriation, the remaining consumers of water will have the amount to which they are entitled diminished beyond what it would be had the transfer not been made. In the event of the supply of water becoming insufficient to supply the appropriation, the decree permitting the transfer will be construed as permitting only such portion of the appropriation as the amount transferred bears to the whole.

The judgment of the district court will be affirmed.                                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.