[No. 5891.]

## MOORE ET ALS. v. IRONSTONE DITCH COMPANY ET AL.

1. WATER RIGHTS—*Change of Point of Diversion*—The case ruled by the opinion in *Ironstone Ditch Company v. Ashenfelter, ante.* (47)

2. APPEALS—*Judgment*—Petition for leave to change the point of diversion of certain waters, denied by the district court. Decree reversed, with directions to determine the respective rights of the several petitioners, upon the evidence already heard, with the additional evidence which may be produced by any party, and to enter a decree permitting the change. (48)

*Appeal from Montrose District Court.*—Hon. THERON STEVENS, Judge.

Mr. M. FAIRLAMB, Mr. F. W. HEATH, Messrs. BELL, CATLIN, & BLAKE, for appellants.

Mr. S. S. SHERMAN, Mr. MILTON R. WELCH, Mr. R. M. LOGAN, for appellees.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

For a statement of the facts, see *Ironstone Ditch Co. v. Ashenfelter,* No. 6438, *ante,* decided at this term.

This case is identical with *Ironstone Ditch Co. v. Ashenfelter,* No. 6438. It was tried upon practically the same evidence, but before another district judge, who found exactly opposite to the determination in No. 6438, and refused to permit the change in the point of diversion of the same priority water from the same ditches into the same canal. It is manifest the court in this case misapprehended or misconceived the law. It found the Feeder ditch, and the seepage water collected by No. 2, below its headgate, were accretions belonging to the river,

and were controlled by the decree, and not independent water rights belonging to the persons who owned and were using them. It also overruled the finding of the referee determining the right and interest of each petitioner in and to the priority water which he sought to transfer, and refused to partition the water decreed these ditches, or to make any finding of the respective rights of the petitioners therein. This was error.—*Hallet v. Carpenter*, 37 Colo. 30, 86 Pac. 317.

For the reasons given in *Ironstone Ditch Co. v. Ashenfelter, supra,* the case will be reversed and remanded, with directions to the lower court to determine the respective rights, if any, of each petitioner in and to the water sought to be transferred, which may be done upon the evidence already taken, together with such additional evidence as the parties may see fit to introduce, and to then enter a decree permitting the change in the point of diversion as prayed, in compliance with the law as announced in the opinion in No. 6438, *supra.*

*Reversed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.