106 P.2d 301

**DE SOTO v. DE JAQUEZ.**

No. 4561.

Supreme Court of New Mexico.

Oct. 17, 1940.

Stanley W. P. Miller, of Albuquerque, for appellant.

Benjamin Osuna, of Albuquerque, for appellee.

BRICE, Justice.

The question is whether the trial court erred in refusing to enforce by injunction specific performance of a valid contract, whereby defendant (appellee) agreed to refrain from entering into the business of manufacturing tortillas in the City of Albuquerque and vicinity. The decision (findings of fact and conclusions of law) of the trial court is as follows:

### Findings of Fact

(1) "That on and before the 3rd day of December 1935 the defendant was engaged in the general business of manufacturing tortillas in the City of Albuquerque, State of New Mexico.

(2) "That on the 3rd day of December 1935 the defendant contracted with the plaintiff herein to sell and did, on that date, sell to the plaintiff the business as established in manufacturing tortillas and associated products.

(3) "That on the 3rd day of December, 1935 the defendant herein entered into an oral contract not to henceforth compete with plaintiff as long as the plaintiff was engaged in the tortilla business in the City of Albuquerque and immediate vicinity.

(4) "That defendant refrained from competing with the plaintiff from the 3rd day of December 1935 until about the 1st day of October, 1939, at which time the defendant opened a tortilla factory in the City of Albuquerque in competition with the plaintiff.".

### Conclusions of Law

"From the above facts, the court concludes as a matter of law:

"I. That the defendant entered into a valid oral contract not to compete with the plaintiff as long as the plaintiff was engaged in the tortilla manufacturing business in the City of Albuquerque, and vicinity.

"II. That defendant has refrained from competing with the plaintiff for approximately four years; that plaintiff has been protected in his business for a period of approximately four years; and considering the nature of this business that such period of time has afforded reasonable and fair protection to plaintiff's interests.

"III. That plaintiff is not entitled to equitable relief by way of injunction."

Accordingly an injunction was denied and the complaint dismissed.

As it is apparent from the findings of fact, to which no exceptions were taken, that defendant breached her agreement to not engage in the tortilla manufacturing business "as long as the plaintiff was engaged in said business in the City of Albuquerque, and immediate vicinity," we need only inquire whether the trial court abused his discretion in refusing the injunction sought by plaintiff.

Injunctive relief may, and usually is, granted in such cases if irreparable injury is threatened to prevent a multiplicity of suits, a repeated and recurring cause of action, or upon the ground that the breach is a continuing one.

There is no finding to the effect that plaintiff has, or will be, irreparably injured, or indeed that he will be damaged to any extent by reason of the breach of the contract, or that he has not an adequate remedy at law. We are advised that the contract was breached and nothing more. The testimony is not before us, and properly so, as the case is submitted upon the findings, which we have copied in full.

Courts of equity exercise a sound discretionary power in granting or refusing injunctions. Such discretion is not unlimited. 28 Am.Jur. "Injunctions" Secs. 35, 36, and 326.

The exercise of the trial court's discretion to give or refuse relief will not be disturbed on appeal unless it clearly appears that there has been an abuse of it.

The facts in this case are in effect conceded; and if under the findings the plaintiff is entitled to an injunction as a matter of law, the case should be reversed. Hanover Star Mill Co. v. Allen & Wheeler Co., 7 Cir., 208 F. 513, L.R.A.1916D, 137; Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W:2d 722; 32 C.J. "Injunctions" Sec. 11.

In such case there would be no room for discretion. But such is not the case. The mere fact that the contract was breached is not ground for equitable relief.

The court found in Melrose v. Low, 80 Utah 356, 15 P.2d 319, that the defendant had agreed not to engage in the practice of medicine during four years, and that he had breached the agreement. There was no finding that the defendant had entered into competition with the plaintiff; or that plaintiff had been damaged. The court said: "* * * Furthermore, it is quite possible, even assuming that these two doctors are striving at the same time for medical practice in Carbon county, that Dr. Melrose is not being injured by the competition of Dr. Low. Whether or not competition from one is injurious to another depends upon a great many facts and circumstances * * *. The court ought to be informed concerning these matters, or at least enough concerning the facts and circumstances surrounding the parties, so that it would appear that injunctive relief is necessary to protect the appellant from irreparable injury. Since these matters do not appear and hence the case is not one which requires that equitable relief be awarded to the party praying for it, the judgment ought to be affirmed."

The same can be said of this case. In the absence of a finding that plaintiff was injured, there is no basis for equitable interference.

· The decree is affirmed, and it is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.