## No. 15,649.

### COMPTON ET AL. *v.* KNUTH.
(190 P. [2d] 117)

Decided February 16, 1948.

Mr. JOHN B. BARNARD, Mr. CLYDE T. DAVIS, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE STONE delivered the opinion of the court.

THE Mexican ditch has a decree for four second feet of water, one foot of which is owned by each of four neighboring farmers. A short distance below its headgate the ditch was constructed through a hill with banks some fourteen feet high. Because of difficulty of maintaining the ditch through the cut, a detour ditch thereafter was constructed around the hill, and the portion of the ditch cut through the hill was abandoned, at least temporarily. During the low water season, it is necessary to maintain a dam in the stream in order to divert the water to which the owners are entitled through the ditch headgate, and the temporary sand dams, which have been constructed, have washed out every season,

so that the ditch often could not be used. Some time ago, Highberger, the first user from the ditch, installed a pump at the river bank, raised his water to a higher level, and flumed it across both the detour and the original ditch to his own lateral, for irrigation of his lands independently of the other ditch owners. Some two years before this action was instituted, defendants Compton, the second users of the ditch, installed a pump, flumed their water over the detour ditch, and dropped it in the abandoned portion of the old ditch which had been cut through the hill. From there the water ran down some three hundred feet to the junction of the old and detour ditches and thence down the ditch to the Comptons' land. Plaintiff, who is the third user, and Garcia, the fourth user, still depend on the ditch headgate for their water diversion. The third user, Knuth, brought this action against the Comptons, the second users, alleging that the latter had installed, and were operating, a pumping plant and were "pumping water, sand and mud into another ditch not connected with the headgate of the said Mexican ditch, which said water, sand and mud flows down said ditch into which they are pumping as aforesaid and accumulates more dirt and sand to a point about 300 feet where said ditch into which they are pumping connects with the Mexican ditch, thereby causing the water from the headgate of the Mexican ditch to be dammed and stopped from flowing down to the lands of plaintiff," with further allegations that the Comptons refuse to keep the ditches clean and free from sand and dirt and threaten to continue their pumping operations, with prayer that the Comptons be enjoined from operating the pumping plant and obstructing the flow of water from the headgate of the Mexican ditch to plaintiff's lands. Defendants Compton, in answering, alleged neglect and failure of plaintiff to contribute his share towards maintaining the dam or ditch and their necessity of pumping in order to obtain water. Injunction as prayed for, was ordered by the trial court against

use of the pump, and that judgment is here challenged. Defendant in error has made no appearance in this court.

■■ One of several owners of water appropriated through the same ditch has the right, as against the other owners, to remove his water from the ditch and divert it at another place (*Hallet v. Carpenter*, 37 Colo. 30, 86 Pac. 317) or by other means (section 26, chapter 90, '35 C.S.A.). Such owner, who has changed his method of diversion from that of gravity flow through the headgate to that of pumping or otherwise raising the water from the river, still retains his right of carriage so that he may run his water in the ditch or in any portion of it theretofore used by him. The gravamen of the complaint, then, is not defendants' substitution of pumping for gravity diversion through the headgate, or their carriage of the pumped water in a portion of the Mexican ditch, but rather the filling up of the ditch with sand and mud. Accordingly, the trial court having found: "That in pumping the water from the river into said ditch, a certain amount of sand, mud and sediment is pumped and deposited in said ditch, helping to fill and raise the bottom of same to a height sufficient to prevent the flow of plaintiff's water through and down said ditch to his land," the injunction, if granted at all, should not have been against the pumping, but against the wrongful filling of the ditch with sediment.

But is plaintiff entitled to an injunction even against obstructing the ditch with sediment in connection with defendants' use of the ditch in carriage of their water for irrigation? Their use of the ditch is rightful. Some resulting sediment is an inevitable result of such use. To what extent the sediment resulting from defendants' pumping contributes, with other causes, such as the sediment from plaintiff's own diversion, or from the diversion by the third cotenant still using the stream, or with the caving in of banks or other possible contributing causes, does not appear. Plaintiff testified that

defendants pumped several times during the season and four or five days at a time, and that at the point where their water was discharged into the ditch there was an accumulation of twelve inches of sand. There is no showing of irreparable injury thereby or of inability to keep the ditch free from accumulated sand without extraordinary expense.

The findings of the court are that in pumping the water "a certain amount of" sediment is deposited in the ditch, "helping to fill and raise the bottom" of the ditch, that the manner in which defendants' pump is operated is "one of the contributing causes that prevents plaintiff from getting the water to which he is entitled," and that defendants, by the operation of their pumping plant, are "helping to make impossible the flow of plaintiff's water through the Mexican ditch." There is no finding that this is the sole or chief contributing cause of plaintiff's inability to obtain his water.

One tenant maintaining a ditch, under general principles of law, is entitled to contribution from his contenants (3 Kinney on Irrigation and Water Rights, p. 2622, §1457), and in Colorado the rights of one ditch owner against his contenants appear to be specifically provided for in sections 41 to 50, chapter 101, '35 C.S.A. Having in mind that injunction is an extraordinary remedy to be used sparingly and only in cases where the applicant is clearly entitled thereto, and where there is full conviction on the part of the court of its urgent necessity, we are of the opinion that neither the evidence nor the findings of the court justified the issuance of an injunction in this case; rather, plaintiff should be left to his action, if any he has, for contribution.

Accordingly, the judgment is reversed and the case remanded with instructions to dismiss.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE LUXFORD dissent.