**BOARD OF COUNTY COMMISSIONERS OF PITKIN COUNTY, Colorado, Petitioner,**

v.

**PENNOBSCOT, INC., a Colorado Corporation and Fred Ramsey, Respondents.**

**No. 81SC343.**

Supreme Court of Colorado,
En Banc.

May 2, 1983.

Sandra M. Stuller, Wesley A. Light, Aspen, for petitioner.

Erin Fernandez Hazen, Aspen, for respondents.

ROVIRA, Justice.

We granted certiorari in order to review the unpublished opinion of the court of appeals in *Pennobscot, Inc. v. Board of County Commissioners,* (Colo.App. No. 80CA1181, announced August 27, 1981), which affirmed a summary judgment in favor of Pennobscot, Inc. We now dismiss the appeal since some of the issues presented are moot and others premature.

In 1974, the Pitkin County Board of Commissioners (County) amended its land-use regulations to require County approval for subdivisions of more than 35 acres. In 1975, it adopted a planned-unit-development (PUD) ordinance permitting developers, under certain circumstances, to deviate from the strict area and bulk requirements of the County's regular zoning regulations. Compliance with the County's subdivision regulations was a prerequisite for all planned unit developments.

In the interval between these two enactments, Thomas and Herma McCary subdivided their 228-acre tract into six parcels of more than 35 acres and conveyed each to a separate corporation, including the respondent, Pennobscot, Inc. In 1977, Fred Ramsey agreed to purchase Pennobscot's parcel if Pennobscot obtained a court order invalidating the County's 1974 subdivision amendment. Accordingly, Pennobscot commenced a declaratory judgment action seeking a judicial determination that the County had exceeded its statutory authority by attempting to regulate subdivisions of more than 35 acres. The County counterclaimed for an order enjoining the Pennobscot-Ramsey sale on the ground that Pennobscot's property had not previously been subdivided and therefore compliance with both the 1974 subdivision amendment and the 1975 PUD ordinance was necessary prior to sale.

Pennobscot's complaint for declaratory relief was dismissed by the trial court and that judgment was separately appealed pursuant to C.R.C.P. 54(b). In *Pennobscot, Inc. v. Board of County Commissioners,* 642 P.2d 915 (Colo.1982), we reversed the trial court and held that the County had exceeded its statutory authority in attempting to regulate subdivisions of more than 35 acres.

While that appeal was pending, proceedings were had on the County's claim for injunctive relief. The trial court entered summary judgment against the County, and the court of appeals affirmed. We granted certiorari to review the decision of the court of appeals, but after consideration of the oral arguments and the briefs, we are convinced that all of the issues raised by the County are either moot or premature.

■ In its counterclaim, the County sought to enjoin the Pennobscot-Ramsey sale under both the 1974 subdivision amendment and the 1975 PUD regulations. The 1974 amendment cannot form the basis for injunctive relief as it was invalidated in the first *Pennobscot* appeal. With respect to the 1975 PUD regulations, neither of the two violations alleged by the County can sustain its claim for injunctive relief. First, the County alleged that the proposed sale would violate that section of the PUD ordinance requiring compliance with the County's subdivision amendment. This argument is moot in light of the first *Pennobscot* decision.

■ Second, the County has argued that the Pennobscot-Ramsey sale violates the development procedures authorized by the PUD ordinance. This contention is premature as Pennobscot and Ramsey have not even proposed any development of the subject property. It is fundamental that injunctive relief is proper only where the threatened injury is immediate and imminent. *City of Pueblo v. Flanders,* 122 Colo. 571, 225 P.2d 832 (1950); *Compton v. Knuth,* 117 Colo. 523, 190 P.2d 117 (1948); *Crisman v. Heiderer,* 5 Colo. 589 (1881).

The appeal is dismissed.