No. 18,206.

CLIFFORD N. SPICKERMAN, ET AL. *v.*
ELMER C. SPROUL, ET AL.
(328 P. [2d] 87)

Decided July 28, 1958.

Mr. JOHN H. GATELY, for plaintiffs in error.

Mr. NORMAN E. WALTON, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE HOLLAND delivered the opinion of the Court.

IN November of 1956, this action was instituted by filing a complaint for injunction and damages, and upon the denial by the trial court of the temporary injunction, a review of that order is hereby sought.

Security Addition No. 1 is located near Colorado Springs. A plat thereof was recorded November 12, 1953, and on March 2, 1954, a declaration of restrictive covenants was duly filed in connection therewith, dated February 25, 1954.

Plaintiffs, herein referred to as the Spickermans, purchased lot 10 in block 2 of the addition on February 25, 1954, subject to certain restrictive covenants as of that date, and recorded one minute before the filing of the Spickerman deed. The grantor, Security Development Company, a corporation, all of the stock of which was purchased by defendants in error, namely, the Sprouls and American Builders, Inc., in January of 1955, and defendants in error became successors in interest to all of the rights of the original grantor company.

The Spickerman property was adjoined on the northwest by lots 8 and 9 in block 2, and the Sprouls decided to re-subdivide these two lots and completed the re-subdivision on October 10, 1956. This was done without any change of the streets shown on the original plat with the exception of the addition of one new street. This re-subdivision plat was approved by the El Paso County Planning Commission on October 10, 1956.

It was alleged in the complaint for injunction that this re-subdivision was illegal; that the defendants, the Sprouls, were trespassing over the Spickerman property; that the Sprouls had shut off a water right which the Spickermans alleged to have received under the restrictive covenants; and for an accounting of the damages to the Spickerman property thereby. Motion for temporary injunction was heard November 26, 1956, and was denied. Motion for new trial was dispensed with. Counsel for the Spickermans, in his statement of the case, says that: " * * * and as part of the consideration therefor between the sellers, themselves and other owners, these restrictive covenants were agreed upon and an easement for irrigation was reserved, and the grantors agreed to furnish water for said irrigation in said ditch. (Paragraph 8 of the Declaration of Restrictive Covenants.)"

To show that this is a misstatement, Paragraph 8 is as follows:

"There are hereby reserved easements for the instal-

lation and maintenance of utility service and distribution lines as shown on the said Plat. There are also reserved easements for irrigation ditches and canals as shown on said Plat. In addition, thereto, an easement is reserved over and across the rear 32 feet of Lots 2 to 13, inclusive in Block 2 for ingress and egress to and from said irrigation ditch for vehicles and equipment used in the maintenance of said ditch. Said 32 foot easement may also be used as space for a tree shelter belt."

An architectural control committee was originally composed of three members of the Security Development Company, and approval of the re-subdivision was in writing and was signed by three of the defendants, which was full compliance with the covenants.

After defendants herein purchased the property, they effected the following change in the conditions — filling in a ditch from which plaintiffs claimed they were to be furnished water under Paragraph 8 of the restrictive covenants.

The underlying purpose of a temporary injunction is to prevent a tort or wrong and to preserve status quo until final hearing and a determination as to the controverted rights of the parties. The granting or denial of a temporary injunction is in the discretion of the trial court, and in this case there was nothing to maintain, because no change in the situation has existed since January of 1955, and therefore no emergency entitled plaintiffs to a temporary injunction. The question of whether there was a breach of the covenants is a matter to be heard upon the trial of the case in chief. The record clearly discloses that defendants had authority to re-subdivide the lots in question and we see no abuse of discretion on the part of the trial court in denying the temporary injunction appealed from, and plaintiffs in error must fail in their attempt to now have the issues resolved in their effort to here attack the ruling of the trial court in denying a temporary injunction.

The judgment is affirmed.