No. 18,651.

JAMES W. CARROLL, ET AL. *v.* JOE STANCATO, AS STANCATO
SCHOOL OF ACCORDION, ET AL.
(354 P. [2d] 1018)

Decided August 22, 1960.

Mr. ROBERT D. INMAN, for plaintiffs in error.

Mr. ANTHONY F. ZARLENGO, Mr. H. D. REED, for defend-
ants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

AN order granting plaintiffs' motion for a preliminary
injunction is the subject of this writ of error.

The plaintiffs in error, defendants below, were employed by Joe Stancato as instructors, enrollers and managers of the Denver-Boulder branch of the Stancato School of Accordion. The contracts of employment contained a covenant by the employees that they would not compete with their employer for a period of five years after terminating their employment. Defendants urge there was insufficient evidence to support the trial court's action in issuing the injunction.

On February 14, 1958, the defendants submitted their resignations to Stancato, in which they claimed that he had failed to pay them their proper commissions on sales or had given them incorrect federal income tax wage reports for the year 1957. The defendants continued instructing the same students in the same manner and in the same location, using more than 200 instruments owned by Stancato. The name of the studio was changed to Carleno Studio, but there appears to be some question as to how well this fact was made known to the public. The defendants used the same telephone number, and the building directory reflected the Stancato suite to be where these defendants were operating.

Thus on the showing for temporary injunction it appeared defendants were not only competing in violation of their contracts, but had, in fact, confiscated their employer's school in toto, complete with instruments and music.

The testimony, taken over a period of several days, brought out many facts pertinent to trial on the merits. However, the issues presented by the pleadings were not before the court.

The testimony is sharply disputed on several points, but there is clear and convincing evidence to support the order for temporary injunction. Because the hearing for temporary injunction merely determined that there was a need to prevent further damage to the plaintiffs' business, the findings made by the court are not de-

terminative of the merits of the case. *Spickerman, et al. v. Sproul, et al.,* 138 Colo. 13, 328 P. (2d) 87.

The judgment granting a temporary injunction is affirmed and the cause remanded for trial upon the issues presented by the pleadings.

MR. JUSTICE HALL and MR. JUSTICE DOYLE concur.