No. 20845.

BART GRAHAM AND FRANK ECKHOLT *v.* ALFRED G. HOYL
AND ROBERT H. SAYRE, JR., AS TRUSTEES.
(402 P.2d 604)

Decided June 1, 1965.

GAUNT, BYRNE & DIRRIM, for plaintiffs in error.

GRANT, SHAFROTH, TOLL and MCHENDRIE, ERL H. ELLIS, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFFS in error were the defendants in the trial court, and by order of the court were enjoined from impounding water from Beaver Creek for use in placer mining operations.

The defendants in error as plaintiffs in the trial court instituted the suit, claiming adjudicated priorities in Water District No. 6 for storage and reservoir rights dating back to 1894, which, it was claimed, were being interfered with.

We will refer to the parties as they appeared in the trial court.

The hearing before the trial court was for the issuance of a "temporary injunction" on the representation that an emergency existed requiring immediate action by the court. It was alleged that the spring run-off had commenced; that the winter season had been unusually dry with the resultant diminution of the usual snow-pack; that the plaintiffs were entitled to fill their reservoirs with this run-off, but that the defendants had interfered with the flow of the stream, were impounding the waters above the reservoirs of the plaintiffs, and that resultantly the stream was virtually dry. It was further alleged that there was serious doubt that after taking all of the run-off that the reservoirs could be filled to the capacity allowed by various reservoir and storage decrees.

At the conclusion of the hearing on the question of the issuance of the temporary injunction, the court issued an order restraining the defendants from taking water from the stream, issued a mandatory injunction ordering them to release the water that had been stored, and then entered an order making the injunction permanent and the judgment final. Motion for a new trial was dispensed with, stay of execution was denied, and the injunction was made immediately effective.

While not admitting that the evidence warranted the issuance of the injunction, the defendants contend, nevertheless, that the court erred in making the orders

permanent and final; they assert here as their ground for reversal that they have been deprived of their day in court and have been deprived of a trial on the merits of the case. On the other hand, it is contended by the plaintiffs that defendants had no rights in and to any water from Beaver Creek and that no good purpose would be served in conducting a further hearing.

■ We hold that the court did err and was precipitous in its action by making the injunction permanent and by depriving the defendants of an opportunity to assert some claim to the water as junior appropriators.

Several issues remain to be tried upon which the defendants were entitled to be heard before any orders could be made final. Some of the matters, though perhaps not all, which would indicate the necessity of further hearing before the court are: that the plaintiffs' decrees required the dams to be constructed in the channel of the stream, but that the plaintiffs have constructed lakes at points removed from the channel and are diverting water through ditches and flumes away from the stream into their reservoirs; that evidence may be produced to show all the water impounded by the plaintiffs is not being put to beneficial use; that there is some indication that the outlets are such that when the reservoir water drops to a certain level it cannot be utilized and is allowed to remain in the lake.

There is a contention, which was not given any consideration in the hearing for temporary injunction, that two reservoirs into which the plaintiffs have been diverting water are not included in their decrees. These reservoirs are described as Glen and Opalair Reservoirs, whereas the storage decrees are only for Los Lagos Reservoirs 1, 2 and 3.

Other allegations for possible adjudication are that the plaintiffs are entitled to only one headgate, but that they have three; that they are entitled to fill reservoirs only once each year, but that they are keeping them filled or are attempting to do so; that by the court's

permanent decree plaintiffs are being given all the water of Beaver Creek whereas their decrees entitle them to only so much of Beaver Creek as will satisfy their priorities. Also, one of the decrees relied upon by plaintiffs is a direct flow decree, and it is contended that the evidence will show they are taking that water and storing it.

Whether the defendants can establish that they are entitled to some relief or to challenge the use by the plaintiffs on their decrees is something that can be determined only upon a full trial.

We have consistently held that the matter of a preliminary injunction is to prevent further harm where harm is alleged, or otherwise to grant emergency relief, and that a hearing on the merits is contemplated at a later date. For recent cases on the matter of the right to further opportunity to present evidence on the issues see *Spickerman v. Sproul,* 138 Colo. 13, 328 P.2d 87; *Carroll v. Stancato,* 144 Colo. 18, 354 P.2d 1018; *Crosby v. Watson,* 144 Colo. 216, 355 P.2d 958.

The judgment making the injunction permanent is reversed and the cause is remanded to the trial court for further proceedings consistent with the views herein expressed.

MR. JUSTICE SUTTON not participating.