### No. 26366

**Combined Communications Corporation, an Arizona corporation, d/b/a Eller Outdoor Advertising Co. of Colorado; Francis K. Smith; Lon F. Bends; Edythe Smookler and Margaret Katsaros v. City and County of Denver, a municipal corporation; Anthony H. Jansen and John Stone**

(528 P.2d 249)

Decided November 11, 1974.

444

Davis, Graham & Stubbs, Richard P. Holme, Law, Nagel & Clark, Ralph M. Clark, for plaintiffs-appellees.

Max P. Zall, City Attorney, John L. Stoffel, Jr., Assistant, Robert M. Kelly, Assistant, for defendants-appellants.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In an action brought by Combined Communications

Corporation (CCC), the trial court issued a preliminary injunction against Denver, restraining the enforcement of ordinances relating to outdoor advertising devices. We reverse.

Involved are ordinances numbered 94 and 95, series of 1971, adopted on March 18, 1971 by the Denver City Council. Ordinance No. 94 repealed certain sections of the Denver zoning ordinance which allowed outdoor advertising devices as a "use by right" in certain zoned districts. Ordinance No. 95 provided for the elimination of existing devices over a period of five years.[1] CCC purchased an outdoor advertising company in February 1972 and then entered this business. This was eleven months after the passage of the ordinance. This action to have the ordinance declared invalid and for injunctive relief was filed on November 30, 1973. On oral argument it was explained that the delay of 21 months between the purchase and the commencement of the action was on account of efforts to achieve relief politically, *i.e.*, to convince the City Council that it should repeal the ordinances.

The trial court approached the issuance or denial of a temporary injunction, using as a basis the question of whether the plaintiffs had a reasonable possibility of success after the ultimate trial of the action. The court found that they did have a reasonable possibility of success. It further found that the plaintiffs would probably succeed on the basis of three separate theories of unconstitutionality, as well as the theory of equitable estoppel. The court not only restrained enforcement of the ordinances, but issued a mandatory injunction compelling the city to issue permits for the erection of advertising devices. Those to be erected were to replace others no longer in existence which might have been at other locations.

The temporary injunction was entered on February 25, 1974. Having the thought that perhaps an order requiring

---

[1] It appears that under *Art Neon Co. v. City and County of Denver*, 488 F.2d 118 (10th Cir. 1973), Denver will take no action requiring removal of existing devices under ordinance number 95 until the 5-year period expires in March 1976.

permits for the erection of new signs might not be the maintenance of status quo, on March 7, 1974, we stayed enforcement of the preliminary injunction, which stay has remained in effect.

The case came to issue here on July 12, 1974 and we heard arguments on October 21, 1974. The trial in the district court on the question of whether a permanent injunction should be issued has been set for January 6, 1975.

■■ It is conceded that one of the issues before a court on preliminary injunction is the reasonable probability of success on the part of the plaintiff. Nevertheless, the arguments here are addressed in large part to the ultimate questions of whether these ordinances are constitutional. This places us in the rather odd position of being asked nearly on the eve of trial to hold whether the plaintiffs have a reasonable possibility of convincing us that the ordinances are unconstitutional. Such a ruling on our part at this juncture is bound to have an effect on the trial judge when he for the first time passes definitively upon the issues of constitutionality. Presumably, this is no reason for us to avoid our obligation to make a decision on this appeal of the preliminary injunction. It can be readily seen, however, that this is not going to have the effect of making us hesitate if we conclude that the issuance of the preliminary injunction should be reversed for valid reasons.

■ We do reverse for three reasons. First, in a case such as this a preliminary injunction should not be enforced when a period of less than two months remains after enforcement commences until trial on the merits. Granted, the trial court when it issued the preliminary injunction did not realize that its enforcement would be stayed until now. We, however, are compelled to view the matter realistically as of now.

■ Second, when a party knows of the ordinances before it purchases the business and, claiming irreparable injury, delays 21 months to commence an action, a court should consider this in weighing the equities before issuing a preliminary injunction. In this case, that consideration should preclude the issuance of the preliminary injunction.

■ Third, a preliminary injunction is to maintain the status quo. As indicated, we have not been convinced that the injunction accomplishes this. *Spickerman v. Sproul,* 138 Colo. 13, 328 P.2d 87 (1958).

The judgment is reversed and the cause remanded with directions to vacate the preliminary injunction.

MR. JUSTICE ERICKSON does not participate.