Clifford Malcolm MACLEOD,
Plaintiff-Appellant,

v.

Connie MILLER, Director of Nursing of Four Seasons Nursing Home, Mae Wise, Administrator of Four Seasons Nursing Home, Anta Corporation, d/b/a Four Seasons Nursing Home, and all of the above named Defendants agents, employees, successors in office, assistants and all other persons acting in concern or cooperation with them or at their direction or under their control, Defendants-Appellees,

and

Frank Traylor, Executive Director, Department of Health, and Elizabeth Foote, Assistant Director of Colorado Department of Health, and all of the above-named Defendants agents, employees, successors in office, assistants and all other persons acting in concern or cooperation with them or at their direction or under their control, Defendants.

No. 79CA0967.

Colorado Court of Appeals,
Div. I.

May 22, 1980.

Glenn Meyers, Fort Collins, for plaintiff-appellant.

Paul E. Valentine, Fort Collins, for defendants-appellees.

COYTE, Judge.

Plaintiff appeals the order of the trial court denying the issuance of a preliminary injunction. We reverse.

Plaintiff, a resident of Four Seasons Nursing Home (Four Seasons) in Fort Collins, Colorado, is afflicted with multiple sclerosis. The costs of his residence at Four Seasons are covered by Federal supplemental security income benefits. Notwithstanding the fact that plaintiff had been a resident there since 1975, on or about November 27, 1978, defendant Wise, administrator of Four Seasons, informed plaintiff that he would be transferred to a Denver nursing home. Plaintiff objected to this move and formally complained, utilizing the nursing home's grievance procedure which is mandated by § 25–1–120(3)(d) and (e), C.R.S.1973 (1979 Cum.Supp.)

The grievance committee disagreed with plaintiff and recommended that he be moved to Denver. Aggrieved by this decision, plaintiff appealed to the executive director of the State Department of Health pursuant to § 25–1–120(5), C.R.S.1973 (1979 Cum.Supp.). The executive director has taken no action in this appeal, which is still pending before him.

Nonetheless, on August 28, 1979, plaintiff was informed that he would be involuntarily transferred to the Denver facility no later than September 4, 1979. Whereupon, plaintiff filed an ex parte motion for temporary restraining order to prohibit the nursing home from transferring him until further order of the court and to require Four Seasons to provide the minimal care and treatment that he had been provided prior to this incident. On August 31, 1979, the trial court issued the temporary restraining order and continued the matter until plaintiff's motion for preliminary injunction could be heard.

After hearing on plaintiff's motion for preliminary injunction, the court declined to enjoin Four Seasons from transferring plaintiff, finding: (1) that plaintiff failed to show irreparable injury; and (2) that if the injunction issued, plaintiff could sustain irreparable injury and Four Seasons would be exposed to civil and criminal liabilities. These findings are not supported by the record. This court stayed the order of the court denying the preliminary injunction so as to maintain the status quo during this appeal.

On appeal, plaintiff contends that he is entitled to a pre-transfer hearing by virtue of § 25–1–120, C.R.S.1973 (1979 Cum.Supp.) and the due process clauses of the United States and Colorado Constitutions, and that the court erred in its use of the irreparable injury standard. We agree to the extent that the trial court never addressed the mandate of the statute and misapplied the irreparable injury standard.

The granting of a preliminary injunction pursuant to C.R.C.P. 65(a) is to preserve the status quo, or otherwise to

grant emergency relief. *Graham v. Hoyl,* 157 Colo. 338, 402 P.2d 604 (1965). The prerequisites to the issuance of a preliminary injunction are: a showing of real, immediate and irreparable injury which will occur pending a final hearing, and that the injunction is necessary to prevent such injury or damage; and a showing of the reasonable probability of success on the merits on the part of the plaintiff. *Combined Communications Corp. v. City & County of Denver,* 186 Colo. 443, 528 P.2d 249 (1974); *American Investors Life Insurance Co. v. Green Shield Plan, Inc.,* 145 Colo. 188, 358 P.2d 473 (1960). Absent a showing of an abuse of discretion, the trial court's decision is binding upon review. *Crosby v. Watson,* 144 Colo. 216, 355 P.2d 958 (1960).

### I. Irreparable Injury

The Medicaid patients' rights include freedom of choice in selecting a facility, where space is available, and transfer from that facility is permitted only for medical reasons or for the patient's welfare. *See* §§ 25–1–120(1)(k) & (m); and (8), C.R.S. 1973 (1979 Cum.Supp.). Pursuant to § 25–1–120(3), C.R.S.1973 (1979 Cum.Supp.) a nursing home patient may formally complain about any conditions, treatment, or violations of his rights by the facility or its staff. The grievance procedure at the nursing home level includes a two step review. *See* § 25–1–120(3), C.R.S.1973 (1979 Cum. Supp.) Thereafter, § 25–1–120(5), C.R.S. 1973 (1979 Cum.Supp.) provides that:

"If a complainant or aggrieved party is dissatisfied with the findings and remedies of the grievance committee or implementation thereof . . . he may file the same grievance in writing with the executive director of the department. The department shall investigate the facts and circumstances of the grievance and make findings of fact, conclusions, and recommendations, copies of which shall be transmitted to the complainant and the nursing home administrator. If the complainant or the nursing home administrator is aggrieved by the findings and the recommendations of the department, the aggrieved party may request a hearing to be conducted by the department pursuant to § 24–4–105, C.R.S. 1973."

Section 24–4–105, C.R.S.1973 (1979 Cum. Supp.) sets forth the procedures to be followed on appeal to the department "to assure that all parties to any agency proceeding are accorded due process of law." Thus, the substantive and due process rights of nursing home patients are established by statute.

Here, the record is undisputed that Four Seasons is threatening to transfer plaintiff to Denver before he has the opportunity to exercise fully his statutorily provided procedural rights. If plaintiff is transferred, it is virtually certain that his space at Four Seasons will be given to another patient, thus precluding his return to Fort Collins if he is successful in his appeal to the administrative agency. Therefore, his right to due process will be nullified and the mandate of the statute will be circumvented.

In addition, expert testimony at the hearing established that plaintiff would suffer "transfer-trauma" if moved away from his support group located in Fort Collins. This trauma could present both psychological and physical side effects and worsen his condition.

Neither of these injuries is compensable by adequate damages; thus, an action at law is an inadequate remedy. *See American Investors' Life Insurance Co. v. Green Shield Plan, supra.* The injuries would be immediate and irreparable; only the issuance of an injunction can prevent them. Thus, the finding of no irreparable harm to plaintiff if he is transferred is not supported by the record.

### II. Success on the Merits

Although the court did not specifically state that the probability of plaintiff's success on the merits is minimal, it is clear that the court's second finding encompasses this issue and that the court found in favor of defendant on this issue.

As mentioned above, §§ 25–1–120(1)(k) and (8), C.R.S.1973 (1979 Cum. Supp.), provide the medicaid patient the rights to select a facility and to be transferred only for reasons of health or welfare. Given this statutory scheme, we conclude that the burden is on the nursing facility to show that the transfer is in accordance with the statute.

Here, it is undisputed that plaintiff's transfer is not for medical reasons. Furthermore, plaintiff's welfare will not be promoted by the move. His friends reside in and around Fort Collins, he is familiar with the area, and notwithstanding the fact that he could receive physical therapy at the Denver facility, a move out of the area would be severely detrimental to his health.

Because of the virtual certainty of irreparable injury to plaintiff if he is moved, because of his statutory due process entitlement to a hearing before the Executive Director of the State Department of Health, and because his rights cannot be thwarted by the failure of the director to perform his statutory duty, plaintiff's probability of success is substantial enough to warrant preservation of the issues for determination by the administrative body.

The judgment is reversed and the cause is remanded to the trial court with directions to enter an order enjoining defendants from transferring plaintiff pending exhaustion of his administrative remedies and directing defendants to provide the care required under applicable state and federal nursing home statutes and regulations. In addition, the court is directed to take the necessary steps to reach a disposition of plaintiff's request for relief in the nature of mandamus requiring the defendant executive director of the department of health to hold a hearing, and make findings, conclusions, and recommendations relative to plaintiff's grievance complaint.

SMITH and KELLY, JJ., concur.