FOUR PIN, a general partnership,
Plaintiff-Appellee,

v.

ORSINGER OUTDOOR ADVERTISING
CO., a Colorado corporation,
Defendant-Appellant.

No. 82CA0656.

Colorado Court of Appeals,
Div. III.

Aug. 4, 1983.

George J. Duckworth, Denver, for plaintiff-appellee.

Holme, Roberts & Owen, Lawrence L. Levin, O. Russel Murray, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Orsinger Outdoor Advertising Co. (Orsinger), appeals the trial court's award of $3300 to plaintiff, Four Pin, for rent due under a real estate lease as calculated on a per sign basis. Orsinger claims that the lease became void, or that it terminated by its own terms, when the City of Castle Rock enjoined performance under the lease, and that no rent is due. We reject these arguments and affirm the court's award.

In August 1980, Orsinger proposed to erect advertising billboards on property in Castle Rock owned by Four Pin, a general partnership. A ten-year lease entered into by the parties on September 22, 1980, contained the following provision:

"If at any time . . . the use or installation of advertising display(s) by the LESSEE is prevented or restricted by law or by the LESSEE's inability to obtain the nec-

essary permits or licenses, ... the LESSEE may, at its option, terminate the lease by giving the LESSOR fifteen (15) days' written notice, and the LESSOR agrees to refund to the LESSEE the rent previously paid for the unexpired portion of this lease."

Prior to signing the lease, Four Pin received assurances from Orsinger that the City had either granted Orsinger permission or a permit to erect signs on the land. In fact, the City's Zoning Enforcement Officer denied Orsinger's request for sign permits by letter dated September 24, 1980, and Orsinger did not appeal the decision.

The lease became effective November 1, 1980. Orsinger put up one billboard and was constructing others when, on December 2, 1980, the City obtained a temporary restraining order enjoining Four Pin and Orsinger to cease and desist from the construction, use, or implementation of billboards. At this time, Orsinger ceased paying rent. The signs remained on Four Pin's property until July 1981.

A preliminary injunction was issued on February 19, 1981. An appeal of the injunction was filed by Orsinger but withdrawn in March 1981. The record does not indicate that a permanent injunction has been entered.

### I

 Orsinger's contention that rents were not due nor was notice required because the injunction rendered the lease illegal is without merit. A preliminary injunction serves only to preserve the "status quo" or protect rights pending final determination of the cause; unless it is stipulated that the hearing is on both the preliminary injunction and the permanent injunction, or that the parties have no other evidence to present, it is expected that a hearing on the merits will be held at a later date. *Graham v. Hoyl,* 157 Colo. 338, 402 P.2d 604 (1965); *Miller v. Board of Trustees,* 36 Colo.App. 85, 534 P.2d 1232 (1975). Here, the status quo between Orsinger and Four Pin was preserved. Further, construction of signs under the Four Pin/Or-

singer contract was only suspended, not permanently prohibited. *Graham v. Hoyl, supra.*

### II

Alternatively, Orsinger claims that when Four Pin received notice of the restraining order in December the lease terminated by its own terms. We disagree with Orsinger's interpretation of the lease.

 Words used in a contract must be given their plain and accepted meaning. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.,* 633 P.2d 1081 (Colo.1981). The lease clearly requires that Orsinger provide Four Pin written notice of its intent to terminate the lease should Orsinger fail to obtain necessary permits. Because Orsinger did not comply with this requirement, the lease remained in effect even though performance was temporarily enjoined.

Judgment affirmed.

ENOCH, C.J., and BERMAN, J., concur.