No. 18,533.

ROBERT F. ALLEN, ET AL. *v.* CITY AND COUNTY OF DENVER, ET AL.

(351 P. [2d] 390)

Decided April 25, 1960.

Messrs. CREAMER & CREAMER, for plaintiffs in error.

Mr. JOHN C. BANKS, Mr. TY R. WILLIAMS, Mr. W. KEITH PETERSON, for defendants in error.

*In Department.*

Per Curiam.

PLAINTIFFS in error were plaintiffs in the trial court. Action was instituted against the City and County of Denver and the Northwestern Engineering Corporation for injunctive relief and damages involving water accumulation and run-off in streets and gutters in a part of Southwest Denver familiarly known as Valverde. Relief sought would be mandatory, requiring reconstruction of streets, gutters and culverts and possibly requiring the installation of a storm sewer by the city. Writ of error is in this court on the refusal of the trial court to grant plaintiffs' motion for a temporary injunction. The city filed an answer on the morning of the date of the hearing, but there was no trial on the issues framed by the pleadings, and the court treated the matter, properly, as an interlocutory proceeding on the question of the issuance of a temporary injunction.

The evidence was quite voluminous, and one might be tempted to conclude that the hearing was on the merits. It is difficult to conceive that anything more could be brought before the court on the final hearing to determine whether permanent injunctive relief should be granted and to determine whether the plaintiffs are entitled to damages, but these are not the issues before us. The sole question here is:

*Was it error for the court to deny the preliminary injunction?*

This question is answered in the negative.

The court observed, "As far as I am concerned, I guess all I can do today is to deny the petition for a temporary injunction, then let the case be reassigned or assigned somewhere for trial on the merits."

In *Spickerman v. Sproul,* 138 Colo. 13, 328 P. (2d) 87, this court stated:

"The underlying purpose of a temporary injunction is

to prevent a tort or wrong and to preserve status quo until final hearing and a determination as to the controverted rights of the parties. The granting or denial of a temporary injunction is in the discretion of the trial court * * *."

Speaking generally of injunctions, this court in *Compton v. Knuth,* 117 Colo. 523, 190 P. (2d) 117, stated:

" * * * injunction is an extraordinary remedy to be used sparingly and only in cases where the applicant is clearly entitled thereto, and where there is full conviction on the part of the court of its urgent necessity, * * *."

The principles of law enunciated in these two cases are well supported by many authorities.

In the case at bar, plaintiffs, among other things, asked the court to enjoin the city from blocking the drainage ways with its streets and sidewalks and with pipes or culverts too small to carry the reasonably expected volume of water. This could only be done by a rebuilding of the streets and sidewalks, pipes and culverts, an undertaking of great magnitude.

It is generally held that if a preliminary mandatory injunction will have the effect of granting to the complainant all the relief that he could obtain upon a final hearing, it should not be issued. Only in rare cases if the complainant's right to the relief is *clear and certain* will an injunction issue under such circumstances as involved here. 28 Am. Jur. §17, p. 508 (Injunctions).

The briefs of counsel indicate the impression on their part that the hearing on preliminary injunction was the end of the case as far as an injunction is concerned. We think not. It is still within the power of the court to grant or deny a permanent injunction.

"It follows from the nature and purpose of a temporary injunction that the decision granting or refusing a preliminary injunction is not conclusive upon either the court or the parties on the subsequent disposition

490

of the cause by final decree." 28 Am. Jur. §279, p. 793.

 The granting or denial of a motion for either a preliminary or temporary injunction rests in the sound discretion of the trial court, and there being no showing of an abuse of that discretion here, the order and judgment should be and is affirmed.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE KNAUSS and MR. JUSTICE DAY concur.