[Civ. No. 41446. Second Dist., Div. Five. Nov. 8, 1973.]

SYSTEM 99, Plaintiff and Appellant, v.
SYSTEM 101, Defendant and Respondent.

## COUNSEL

Townsend & Townsend, Paul W. Vapnek and Thelen, Marrin, Johnson & Bridges for Plaintiff and Appellant.

Karl K. Roos for Defendant and Respondent.

## OPINION

**HASTINGS, J.**—This is an appeal by the plaintiff and appellant, System 99, a California corporation, from a preliminary injunction issued by the Superior Court of the State of California for the County of Los Angeles, restraining defendant and respondent, System 101, a California corporation, from using the word "System" except in conjunction with at least one other word.

### FACTS

In 1964, System 99 adopted a company logo consisting of a "99" on a highway shield. In 1967, the corporate name was changed to System 99,[1] and that name has been used exclusively from that date to the present time. The combination of the logo type and the name "System 99" is shown on advertising pieces, rate cards and other literature, and considerable money has been spent in promoting the name and service mark. System 99 performs trucking services along the west coast, and particularly Highway 99, but now also uses Highway 101 along with other major highways.

Solvang Freight Lines, Inc., was incorporated in 1967, at which time it performed trucking services primarily on U. S. Highway 101 and did not directly compete with System 99. On June 14, 1971, said corporation

---

[1] The predecessor corporation to System 99 was formed by a merger of two trucking companies in 1963.

amended its articles of incorporation and changed its name to "System 101." It then filed an application with the Public Utilities Commission, seeking authorization to conduct business under the new name.[2] According to System 101, at the time System 99 adopted its trade name, it was not performing trucking services on Highway 101 and was actually using the services of System 101 as an interline or interchange carrier on said highway.

System 99 commenced legal action, seeking to enjoin System 101 from using said name. It is not necessary in this opinion to set forth the various legal maneuvers, which have been lengthy and time consuming. Suffice it to say that on May 25, 1972, the preliminary injunction giving rise to this appeal was issued. The controlling words of the injunction are as follows: ". . . Defendant and its agents . . . are enjoined and restrained from engaging in or performing, directly or indirectly, any and all of the following acts:

"(A) Infringing or using in any way that part of plaintiff's trade name and service mark consisting of the word 'System' except in conjunction with at least one other word. The words together must be arranged so that the word 'System' is preceded by at least one other word which shall be of the same type or lettering and of the same design or style and color as the word 'System.' "

Pending a hearing on the permanent injunction, System 101 is using the name "Solvang System 101." These words appear on a six-pointed shield, modified from the United States national highway shield. "System 99" appears on a four-pointed shield, which is identical to the well-known interstate highway shield.

### ISSUE

System 99 claims that the name System 101 is confusingly similar to System 99 and that the latter not only appropriated the name "System," but also adopted a design similar to System 99's logo. It then argues, citing numerous cases, that the trial court erred in permitting continued use of a shield and in requiring the addition of a word, either before or after the word "System," because adding a word to another's trade name does not avoid infringement.

System 99 concedes it is well established that the granting or denial of

---

[2]The Public Utilities Commission authorized use of the name "System 101" on December 7, 1971. This does not deprive this court of jurisdiction to determine whether there is infringement of System 99's trade name.

a preliminary injunction will not be overturned on appeal unless an abuse of discretion is shown, but contends that where the facts are indisputed and the law is clear, the trial court is under a legal duty to act; and if it does not act properly, it is our duty to modify the injunction to protect the trade name of System 99 pending a trial on the merits.

System 101 claims that the trial court did not abuse its discretion, and that determination of this issue is the only one before us. We agree.

## ARGUMENT

It is obvious that at the hearing on the preliminary injunction the trial court decided that the purchasing public was likely to confuse the two names.[3] (*Ball* v. *American Trial Lawyers Assn.*, 14 Cal.App.3d 289 [92 Cal.Rptr. 228]; *Cowles Magazines & Broadcasting, Inc.* v. *Elysium, Inc.*, 255 Cal.App.2d 731 [63 Cal.Rptr. 507].) Having thus concluded, the court was required to alleviate the confusion, but at the same time to do so within the framework of the law applicable to preliminary injunctions.

System 99 cites numerous cases holding that the addition of a word to another trade name does not avoid infringement: *Jacobs* v. *Beecham* (1911) 221 U.S. 263 [55 L.Ed. 729, 31 S.Ct. 555]; *Herring-Hall-Marvin Safe Co.* v. *Hall's Safe Co.* (1908) 208 U.S. 554 [52 L.Ed. 616, 28 S.Ct. 350]; *Woodward* v. *Lazar* (1863) 21 Cal. 448; *Industrial Photo Service* v. *Kelly* (1961) 198 Cal.App.2d 665 [17 Cal.Rptr. 907]; *Marsalli's Coffee* v. *Blue Ribbon Prod. Co.* (1958) 159 Cal.App.2d 357 [323 P.2d 787]. *Eastern Columbia, Inc.* v. *Waldman* (1947) 30 Cal.2d 268 [181 P.2d 865], is very similar to this case; however, it involves the awarding of a permanent injunction.

After an analysis of the rules applying to preliminary injunctions, we think the facts of this case justify a distinction between the law applicable to a preliminary injunction and a permanent injunction. A summary of the rules governing preliminary injunctions is set forth in detail in *Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889]. The pertinent portions are as follows: " 'The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant should or that he should not be restrained from exercising the right claimed by him.' [Citations.] The general purpose

---

[3]The trial court was assisted in its determination by System 101. It filed a cross-complaint seeking a similar injunction against System 99 and alleged that continuous use of the two names will likely confuse purchasers of trucking services.

174

of such an injunction is the preservation of the status quo until a final determination of the merits of the action. [Citations.] Thus, the court examines all of the material before it in order to consider 'whether a greater injury will result to the defendant from granting the injunction than to the plaintiff from refusing it; . . .' [Citations.] In making that determination the court will consider the probability of the plaintiff's ultimately prevailing in the case and, it has been said, will deny a preliminary injunction unless there is a reasonable probability that plaintiff will be successful in the assertion of his rights. [Citations.] . . ."

Further exposition is found in 42 Am.Jur.2d, Injunctions, section 299, page 1099, as follows: "In awarding a preliminary injunction, the court does not anticipate the ultimate determination of the rights involved, but merely that a sufficient case has been made out to warrant the preservation of the property or rights in statu quo until the final hearing. [Fn. omitted.] *The injunction should be thus limited in its scope,* [fn. omitted] *and in granting a preliminary injunction the court should not attempt to do what can be done only after a full hearing and the final decree.* [Fn. omitted.]" (Italics added.) And in *People* v. *Black's Food Store,* 16 Cal.2d 59, 61 [105 P.2d 361], the court said: "The authorities are numerous and uniform to the effect that the granting or denial of a preliminary injunction on a verified complaint, together with oral testimony or affidavits, even though the evidence with respect to the absolute right therefor may be conflicting, rests in the sound discretion of the trial court, and that the order may not be interfered with on appeal, except for an abuse of discretion. [Citations.]"

■ We believe the preliminary injunction here demonstrates that the trial court applied the guidelines cited above in determining the phraseology of its order. This, of course, means wording the preliminary injunction in a manner that best preserves the rights of the parties until the case is heard on its merits, even though the same language might or might not be appropriate to a permanent injunction. In the case before us, the ultimate facts are in dispute. Both parties concede that their own trade names referred to the predominant highway route used by each when its trade name was initiated. It is not clear when actual, direct competition between the two commenced. These facts, along with others that are in dispute, can have an important bearing on the outcome of the action when tried on the merits.

At this stage of the litigation, this court should not take action that could materially influence the outcome of the trial unless we are required to do so by established law. The record indicates that System 101 is now

using the word "Solvang" preceding "System." Clearly, there has been some mitigation of the problem. However, we do not imply by this opinion that the trial court's order has or has not resolved the issue. There are abundant cases to guide the trial court to its final judgment. In the meantime, however, a preliminary injunction has been granted that seeks to maintain the *status quo ante litem*. In this context, we cannot say that the trial court abused its discretion.

The order granting the preliminary injunction is affirmed.

Kaus, P. J., and Stephens, J., concurred.