534 P.2d 829 (1975)
William E. FORD et al., Plaintiffs-Appellants,
v.
The CIVIL SERVICE COMMISSION OF the CITY AND COUNTY OF DENVER, consisting of Ted Bach, et al., Defendants-Appellees.
No. 74-053.
Colorado Court of Appeals, Div. III.
April 22, 1975.
*830 Geer, Goodwin & Chesler, P. C., Robert E. Goodwin, Denver, for plaintiffs-appellants.
Max P. Zall, City Atty., Brian H. Goral, Robert D. Dowler, Asst. City Attys., Denver, for defendants-appellees.
Selected for Official Publication.
ON PETITION FOR REHEARING: PETITION FOR REHEARING GRANTED, PRIOR OPINION ANNOUNCED MARCH 25, 1975 WITHDRAWN
SMITH, Judge.
The opinion announced on March 25, 1975, is withdrawn, and the following opinion is issued in its stead.
On October 17, 1973, plaintiffs, sergeants of the Denver Police Department, filed this action seeking a permanent injunction. They alleged, among other things, that they had been certified on a Civil Service Commission eligibility register for the position of lieutenant in the classified service of the Denver Police Department. They requested that the trial court extend the life of this eligibility list until they are promoted; that the Chief of Police and the Manager of Safety be compelled to promote them to the rank of lieutenant retroactively and award them the back pay and seniority benefits to which such a retroactive appointment would entitle them; and that the practice of utilizing members of the police department for duties outside of their designated rank in the classified service be permanently prohibited. At the conclusion of the hearing on preliminary injunction, the trial court denied preliminary injunctive relief and additionally dismissed plaintiffs' complaint for permanent injunction. The trial court was entirely correct in denying preliminary injunctive relief, but we conclude that it could not rule on the merits of the complaint at this hearing.
On August 18, 1971, each of the plaintiffs took the lieutenant's examination after which they were placed on the eligibility list. The list was subsequently extended for an additional year to and including October 18, 1973. During the effective existence of this list, seven sergeants, all with a higher eligibility on the list than *831 plaintiffs, were promoted to the rank of lieutenant. Plaintiffs are the only four remaining eligible sergeants on the list.
As grounds for their complaint, they presented evidence intended to establish that they have been acting as lieutenants within the police department on a regular periodic basis. They also testified that, in their opinion, the number of lieutenants in relation to the number of sergeants and patrolmen was disproportionate and was detrimental to the efficient operation of the department, and that they could better serve the department as lieutenants than as sergeants. They admit that there is no specific rule prohibiting the use of "acting" lieutenants and, instead, rely on the argument that the spirit of the civil service rules of the City and County of Denver prohibits such use of personnel except in emergency situations. They point out that rules of the Denver Police Department, as set forth in the department's operations manual, limit the discretion which a subordinate may use when temporarily serving in the position of a supervisory officer. These rules, they argue, are indicative of the department's reluctance to give prolonged authority to those who have not proven themselves through a civil service examination.
While we agree that the rules limit the power of acting personnel to countermand or modify the orders of a supervisory officer except in emergency situations, these rules do not evidence an intent of the department to prohibit personnel from periodically serving in a supervisory capacity which normally justifies a higher rank. The police department operates on a chain of command basis, and its rules provide that officers of every rank may be required to assume the duties and responsibilities of higher ranks in the absence of such supervisory officers. Specifically, Section 13.18 of the operations manual, entitled "Duties and Responsibilities of Sergeants," requires that when a sergeant is designated "acting" lieutenant, he will perform, in the absence of a duly appointed lieutenant, the necessary lieutenant's duties. The Chief of Police is the official designated in the city charter as having the authority to promulgate and adopt internal rules and regulations for the administration of the police department. The rules were adopted pursuant to that authority, and we find they are not, as a matter of law, unreasonable. See Cain v. Civil Service Commission, 159 Colo. 360, 411 P.2d 778.
Plaintiffs argue that the Chief of Police and the Manager of Safety acted arbitrarily in failing to requisition the names of plaintiffs for promotion to the rank of lieutenant. Section C5.65 of the Charter of the City and County of Denver states, in pertinent part:

"Filling PositionsCommission certify three names. When a position is to be filled in the classified service, the appointing power shall make requisition upon the commission for the name of an eligible person, specifying the nature of the position to be filled, and upon receipt of such requisition, the commission shall certify the names of three applicants; if there be so many, having the highest percentage, one of whom shall be appointed. . . ."
They assert that this section does not vest the appointing authority, here the Chief of Police, with any discretion in determining when a vacancy is to be filled, and thus, they conclude, that when a need can be demonstrated, the position must be filled, rather than allowing the appointing authority to balance and weigh the needs of the department before making a requisition for appointment. While we agree that the rule does not give the appointing authority discretion in choosing the procedure to be followed in filling vacancies, the basic question that this rule leaves unanswered is who, in fact, is vested with the authority to decide what are the needs of the police department and whether a vacancy exists in the first instance.
*832 Charter Section C5.73 provides that the duties and conduct of members in the classified service of the police department shall be governed by rules promulgated by the Chief of Police. This delegation of authority necessarily includes the authority to decide whether vacancies exist within the department. It would be inimical to the efficient operation of the police department to hold that, on the one hand, the Chief of Police may govern the duties of his officers, and yet, on the other hand, rule that the officers themselves can determine that the needs of the department necessitate the declaration that vacancies exist which must be filled. Lastly, we note that there is no requirement that all persons on the eligibility list must be promoted. Instead, the list is only intended to provide the names of those eligible for promotion.
The Chief of Police testified that the department could utilize additional lieutenants but that budgetary limitations prevented the department from obtaining an ideal complement of personnel. He had determined that, on balance, the greater need in the department was for sergeants, and he had therefore concluded that no new vacancies for the rank of lieutenant should be created. This decision was his to make, and he and the Manager of Safety did not act arbitrarily in denying plaintiffs' requests for promotion.
During the hearing on the preliminary injunction, the City did not question the propriety of the trial court's ruling on plaintiffs' request for mandatory and permanent relief, and it is apparent from a review of the record that plaintiffs intended, and that the trial court assumed the parties expected, a final ruling on the merits of plaintiffs' claims for permanent injunctive relief. However, absent a stipulation that plaintiffs had no additional evidence to present, the trial court should not have dismissed the complaint at this stage in the proceedings. Allen v. Denver, 142 Colo. 487, 351 P.2d 390. Hence, the trial court's ruling on the preliminary injunction is affirmed, but the cause is remanded with directions to reinstate the complaint to allow plaintiffs the opportunity to present additional evidence in support of their request for a permanent injunction.
COYTE and RULAND, JJ., concur.