592 P.2d 1352 (1979)
Nobert K. MONATT, Plaintiff-Appellee,
v.
PIONEER ASTRO INDUSTRIES, INC., an Illinois Corporation, Defendant-Appellant, and
Malcolm Arnsteen, Individually, Defendant.
No. 78-475.
Colorado Court of Appeals, Div. II.
March 15, 1979.
*1353 Rector, Retherford, Mullen & Johnson, Leo W. Rector, Colorado Springs, for plaintiff-appellee.
Alan W. Stevenson, Evergreen, for defendant-appellant.
VanCISE, Judge.
Defendant, Pioneer Astro Industries, Inc., appeals from the order of the trial court denying its motion to stay judicial proceedings and for an order compelling arbitration. Plaintiff, Norbert K. Monatt, contends that these orders are not appealable because there is no final judgment. We agree with plaintiff, and dismiss the appeal.
Under the Uniform Arbitration Act of 1975, § 13-22-201, et seq., C.R.S.1973 (1978 Cum.Supp.) an appeal may be taken from an order denying an application to compel arbitration. Section 13-22-221(1)(a), C.R.S.1973 (1978 Cum.Supp.). However, the Act applies only to agreements made on or after July 14, 1975, § 13-22-222, C.R.S.1973 (1978 Cum.Supp.); Rhoads v. Albertson's, Inc., Colo.App., 574 P.2d 114 (1977), (rev'd on other grounds, Albertson's, Inc. v. Rhoads, Colo., 582 P.2d 1049 (1978)), and the employment contract sued on in this action was entered into in April 1975.
Therefore, the orders are appealable only if they come within the provisions of C.A.R. 1(a). However, since a final judgment is one which ends the particular action, leaving nothing more for the trial court to do in order completely to determine the rights of the parties, see People v. Cochran, 176 Colo. 364, 490 P.2d 684 (1971), the orders in this case are not final and are therefore not appealable under C.A.R. 1(a)(1).
Defendant contends that when the court denied the motion for an order compelling arbitration, its refusal to stay the proceedings in this case pending arbitration was equivalent to denying a temporary injunction. From this, it argues that the order denying the stay is appealable under C.A.R. 1(a)(3). We do not agree.
The purpose of a temporary injunction is to prevent a tort or wrong and to preserve the status quo until final hearing and a determination as to the controverted rights of the parties. Spickerman v. *1354 Sproul, 138 Colo. 13, 328 P.2d 87 (1958); Ireland v. Wynkoop, 36 Colo.App. 205, 539 P.2d 1349 (1975).
A temporary injunction is not the same as a stay of judicial proceedings which merely stops all progress in the lawsuit but does not involve the merits thereof. A stay does not adjudicate rights; it merely preserves the status quo. Upon its termination, the action may proceed. See Wiltgen v. Berg, 164 Colo. 139, 435 P.2d 378 (1967). Therefore, the order denying the stay is not reviewable under C.A.R. 1(a)(3).
The appeal is dismissed.
ENOCH and BERMAN, JJ., concur.