**Mina LITINSKY, d/b/a Sloane Gallery of Art, Plaintiff-Appellee,**

**v.**

**Natalia M. QUERARD, Defendant-Appellant.**

**No. 83CA0339.**

Colorado Court of Appeals, Div. III.

May 3, 1984.

Zuckerman & Kleinman, P.C., Leo T. Zuckerman, Michael J. Kleinman, Denver, for plaintiff-appellee.

Vanatta & Halaby, P.C., Dean R. Vanatta, Ronald M. Sandgrund, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant Natalia M. Querard appeals the denial of her motion for preliminary injunction and entry of an oral order which restrained her from using the name "Sloane Gallery of Art" and ordered the delivery of certain personal property to plaintiff Mina Litinsky. We affirm in part and reverse in part.

Querard, along with her husband, John R. Querard, was co-developer of a real estate project in downtown Denver known as the Elephant Corral Office Complex. The Complex contained approximately 16 separate offices, including the Sloane Gallery of Art (Gallery), which displayed primarily Russian art and entered into consignment agreements with artists.

Litinsky was involved in the operation of this Gallery, and a central issue in this case is the nature of this involvement. Litinsky claimed she was proprietor of the Gallery and that she leased the premises on a month-to-month basis from the Querards. Querard denied this and asserts she owned the Gallery, and that Litinsky was employed as its art director.

Eventually, Litinsky informed Querard that she intended to open an art gallery elsewhere in Denver, use the name "Sloane Gallery" in conjunction with it, and move the contents of the Gallery to the new location.

To prevent Litinsky from removing its contents, Querard had the locks changed at the Gallery. Following negotiations between attorneys for both parties, Litinsky and her attorney attempted to enter the Gallery at night by force, but were halted by the police.

Litinsky then filed suit against the Querards and their attorney for damages for unlawful conversion, interference with business relations and expectations, loss of business, unfair trade practices, unjust enrichment, and appropriation of trade name, and sought compensatory and punitive damages. In addition, she filed a replevin action and, pursuant to C.R.C.P. 104(c), moved for an order for immediate possession of the goods in Querard's possession.

The trial court then issued a show cause order and a hearing was held, during which Litinsky withdrew the motion for possession because she could not post a surety bond. Querard then filed counterclaims and a motion for a temporary restraining order to prohibit Litinsky and all others acting with or on her behalf from entering the Gallery, causing disruptions, and from using the name "Sloane Gallery of Art," "Sloane," "Elephant" (sloane means elephant in Russian) or any similar name in connection with Litinsky's art dealings in the Denver metropolitan area.

The trial court granted the restraining order. However, following a hearing before a different judge, Querard's motion for preliminary injunction was denied, and the trial court entered an order which restrained Querard from using the name "Sloane Gallery of Art" and ordered the delivery of certain personal property to Litinsky. Querard appeals.

I.

Querard first contends the trial court erred in denying the motion for preliminary injunction. We disagree.

The granting or denial of a preliminary injunction is within the sound discretion of the trial court and will not be reversed by an appellate court absent an abuse of discretion. *American Television & Communications Corp. v. Manning,* 651 P.2d 440 (Colo.App.1982). We find no such abuse here.

■ The trial court found that the defendants had failed to establish that they had an interest in the property which was the subject matter of the motion for preliminary injunction, and concluded that they had failed to show any irreparable harm or injury which would result if the injunction were not issued, and had failed to establish a probability that they would succeed on the merits. *See American Television & Communications Corp. v. Manning, supra.* The record supports these findings and conclusions.

## II.

Citing several instances of comments or rulings made during the trial which allegedly illustrated the court's prejudice, Querard moved for disqualification of the trial judge following his ruling in this case and submitted an affidavit in support of the motion. The judge denied the motion, and that denial is the basis of Querard's next contention of error.

■ C.R.C.P. 97 provides, in pertinent part:

"A judge shall be disqualified in an action in which he is interested or prejudiced, or has been of counsel for any party, or is or has been a material witness, or is so related or connected with any party or his attorney as to render it improper for him to sit on the trial, appeal, or other proceeding therein...."

The purpose of this rule is to ensure a fair and impartial hearing of the issues involved. *Wood Bros. Homes, Inc. v. Fort Collins,* 670 P.2d 9 (Colo.App.1983). Whether to disqualify in a civil case is a matter within the discretion of the trial court, and its ruling will not be disturbed on appeal except for an abuse of discretion. *In re Marriage of Mann,* 655 P.2d 814 (Colo.1982).

However, as stated in *Johnson v. District Court,* 674 P.2d 952 (Colo.1984), where an attorney submits a verified affidavit "alleging conduct and statements on the part of a trial judge which, if true, show bias or prejudice on the part of the trial judge, it is an abuse of discretion if

that judge does not withdraw from the case, even though he or she believes the statements are false or that the meaning attributed to them by the party seeking recusal is erroneous." *See also People v. Botham,* 629 P.2d 589 (Colo.1981); *Kovacheff v. Langhart,* 147 Colo. 339, 363 P.2d 702 (1961).

Thus, the question is whether the affidavit in this case alleged conduct which, if true, shows bias or prejudice. We find that it does not.

■ The facts alleged in the affidavit must not be based on "mere 'suspicion, surmise, speculation, rationalization, conjecture, [or] innuendo';" nor may the allegations be " 'statements of mere conclusions of the pleader'." *Johnson v. District Court, supra.*

Here, the affidavit of defendant's counsel alleged, for example:

"From the very beginning of the hearing [the judge] exhibited an extraordinary impatience and animosity toward [defendant, her counsel and her position].

[The judge] consistently ridiculed questions asked, comments made and objections made by Defendant's counsel.

[The judge] interrupted Defendant's counsel's questions with objections and comments of his own, even when opposing counsel did not object."

■ In addition, the affidavit cited several instances in which the judge had made a ruling which was unfavorable to her. We find these facts to be insufficient "actual events and statements which, if true, evidence partiality or the appearance of bias or prejudice against" defendant on the part of the judge. *Johnson v. District Court, supra.* Indeed, to permit such allegations to form the basis of a legally sufficient motion to disqualify would be to permit any party dissatisfied with the outcome of a trial to file a motion to disqualify and consequently create unwarranted delay and chaos.

### III.

 In ruling on the preliminary injunction, the trial court decreed that Litinsky was the owner of the Gallery, that she had the exclusive right to use the name "Sloane Gallery of Art," and that she, or artists she had consignment contracts with, owned all works of art which defendants could not prove they had paid for. We agree with Querard that it was error to determine these issues at this stage of the proceedings.

The hearing in this matter was for the sole purpose of deciding whether to grant or deny defendants' motion for preliminary injunction. The ultimate issues to be determined in a trial on the merits were ownership of the Gallery and its contents, and the right to the exclusive use of the name "Sloane Gallery of Art."

 "The purpose of a temporary injunction is to prevent a tort or wrong and to preserve the status quo until final hearing and a determination as to the controverted rights of the parties." *Monatt v. Pioneer Astro Industries, Inc.*, 42 Colo.App. 265, 592 P.2d 1352 (1979). The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. *Gessler v. Madigan*, 41 Ohio App.2d 76, 322 N.E.2d 127 (1974). In granting a preliminary injunction, the court should not attempt to do what can be done only after a full hearing and final decree. *System 99 v. System 101*, 35 Cal. App.3d 170, 110 Cal.Rptr. 560 (1973); *see Ford v. Civil Service Commission*, 36 Colo.App. 55, 534 P.2d 829 (1975).

 There was no stipulation that the hearing would be on both the preliminary and permanent injunction. In fact, defendants objected to expanding the scope of the hearing to include the question of ultimate ownership of the property in question. *See Miller v. Board of Trustees*, 36 Colo.App. 85, 534 P.2d 1232 (1975). Defendants, in moving for a preliminary injunction, had no obligation to present their entire case at this hearing. *Allen v. Denver*, 142 Colo. 487, 351 P.2d 390 (1960).

While the trial court necessarily received information regarding ownership claims of Querard and Litinsky, this information properly went to the issue of whether the defendants had established a likelihood of success on the merits. The scope of the hearing on the motion for preliminary injunction did not encompass an ultimate determination of ownership of the property. Litinsky did not request such affirmative relief in her answer or other appropriate pleading to defendants' motion, and had dismissed her replevin action prior to this hearing.

The other contentions of error are without merit.

Accordingly, the trial court's denial of defendant's motion for preliminary injunction is affirmed, but its orders regarding the ownership rights in the subject property and permanent use of the trade name are reversed and the cause is remanded for further proceedings consistent with this decision.

VAN CISE and METZGER, JJ., concur.