VICTORIO REALTY GROUP, INC., successor and assignee of The Victorio Company, Plaintiff-Appellant,

v.

IRONWOOD IX, Don C. Parke, Maynard S. Westblade, and H.N. "Pat" Burns, Defendants-Appellees.

No. 84CA1356.

Colorado Court of Appeals, Div. I.

Dec. 26, 1985.

Holley, Albertson & Polk, P.C., Dennis B. Polk, Golden, for plaintiff-appellant.

Ozer, Spriggs & Trueax, P.C., Robert F. Pribila, Denver, for defendants-appellees.

ENOCH, Chief Judge.

Plaintiff, Victorio Realty Group, Inc., appeals from the summary judgment entered for defendant in this action arising out of the assignment of an option contract for the purchase and sale of real property. We reverse.

In April 1981, defendants Ironwood IX, Inc., Parke, and Westblade entered into an agreement giving plaintiff an option to purchase certain real property from defendant. Subsequently, defendants engaged defendant Burns, a licensed real estate broker, to obtain an assignment of the option agreement. Following negotiations, plaintiff agreed to assign the agreement to Burns for the sum of $150,000. The assignment agreement provided:

"Various persons affiliated with the Buyer are licensed real estate agents or brokers in the State of Colorado and are acting solely as principals in this transaction. Notwithstanding the foregoing, Seller agrees to pay upon a closing a fee of ten thousand dollars ($10,000.00) to Patrick Burns as a Colorado Real Estate Broker."

Defendants Ironwood, Parke, and Westblade later sold the property to a third party for a price exceeding that which plaintiff had agreed to pay.

Plaintiff commenced this action alleging, *inter alia*, that defendant Burns was its agent as well as the agent of his co-defendants and had breached his fiduciary duty to plaintiff by failing to disclose the identity of his principals, the existence of the third party's offer to purchase the property, and the fact that defendant Burns was to receive $10,000 from the co-defendants for obtaining plaintiff's assignment of the option agreement. The trial court granted summary judgment for defendants on the ground that no agency relationship between Burns and plaintiff had been shown to exist, and therefore, Burns did not owe a fiduciary duty to plaintiff.

On appeal, plaintiff contends that the trial court erred in granting defendants' motion for summary judgment. Plaintiff argues that the question whether an agency relationship existed presented genuine issues of material fact and could not properly be resolved on a motion for summary judgment. We agree.

■ C.R.C.P. 56(c) provides that summary judgment is proper if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. Once the moving party makes a convincing showing that genuine issues are lacking, the opposing party must adduce specific facts, through affidavit or otherwise, demonstrating that a real controversy exists. *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978); C.R.C.P. 56(e).

■ The question of the existence of an agency relationship is ordinarily a question of fact to be determined by the fact finder.

*Shriver v. Carter*, 651 P.2d 436 (Colo.App. 1982). However, where there is no dispute or conflict in the facts which are alleged to have created the agency, the question of the existence of an agency relationship should be determined by the court as a matter of law. *Smith v. Davis*, 67 Colo. 128, 186 P. 519 (1920); *People v. Morrow*, 682 P.2d 1201 (Colo.App.1983).

■ An "agent" is one who acts for or in place of another by authority from him or one who is entrusted with the business of another. *Shriver v. Carter, supra; see Pouppirt v. Greenwood*, 48 Colo. 405, 110 P. 195 (1910). Agency may be established by the conduct of the principal and the alleged agent, *Rhodes v. Industrial Commission*, 99 Colo. 271, 61 P.2d 1035 (1936), and it is ultimately a question of the intention of the parties as evidenced by their acts. *See Granite State Fire Insurance Co. v. Mitton*, 98 F.Supp. 706 (D.Colo.1951).

■ Here, the true relationship of the parties cannot be determined by the pleadings and supplemental materials alone. *See Petroleum Funding Corp. v. Western Energy Development Co.*, 713 P.2d 422 (Colo.App.1985). It is undisputed that plaintiff paid defendant Burns $10,000, but the parties do not agree as to the significance of that payment. While mere payment of a commission is not determinative of an agency relationship, *see Velten v. Robertson*, 671 P.2d 1011 (Colo.App.1983), the fact of such payment is sufficient here to defeat defendant's motion for summary judgment. Because plaintiff has shown that a dispute exists as to whether defendant Burns was acting as plaintiff's agent in negotiating and executing the assignment of the option contract, the trial court erred in granting defendant's motion for summary judgment.

Judgment reversed.

VAN CISE and STERNBERG, JJ., concur.