**GOVERNOR'S RANCH PROFESSIONAL CENTER, LTD., and Donald Werking and Gregory Kowalchuk, as additional parties bound by the judgment, Plaintiffs–Appellants,**

v.

**MERCY OF COLORADO, INC., d/b/a Merco, Inc.; Mercy Health Care Services; Mercy Health Initiatives, Inc.; and Mercy Medical Center, Denver, Colorado, f/k/a Mercy Hospital, Defendants–Appellees,**

and

**MERCO, INC., Defendant and Third–Party Plaintiff–Appellee,**

v.

**GOVERNOR'S RANCH PROFESSIONAL CENTER, LTD., A Colorado Limited partnership, Third–Party Defendant–Appellant.**

Nos. 88CA0793, 88CA1586.

Colorado Court of Appeals,
Div. II.

May 3, 1990.

Davis, Graham & Stubbs, Carole Jeffery, Peter N. Simon, Denver, for appellants Governor's Ranch Professional Center, Ltd., Donald W. Werking and Gregory R. Kowalchuk.

Sabey, Epstein, Ordelheide & Smith, Melvin B. Sabey, Mark L. Sabey, Denver, for appellees Mercy of Colo., Inc., d/b/a Merco, Inc., Mercy Health Care Services; Mercy Health Initiatives, Inc., and Mercy Medical Center, f/k/a Mercy Hosp.

Opinion by Judge DAVIDSON.

Governor's Ranch Professional Center, Ltd., and its two partners, Donald W. Werking and Gregory R. Kowalchuk, appeal the trial court's summary judgment granting Merco, Inc., and several of its subsidiaries, restitution and rescission of a contract it had entered into with Governor's Ranch. We reverse and remand.

Werking and Kowalchuk formed Governor's Ranch for the purpose of building and operating a medical-dental facility. Their exclusive leasing broker was Bradley Zieg, and, in 1985, Zieg secured Rose Medical as the anchor tenant for the building. When Rose Medical, in January 1986, expressed a desire to be relieved of its lease, other potential anchor tenants were approached, including Merco.

In preparing the Governor's Ranch facilities for leasing, Zieg had hired David Schore as a consultant. In October 1985, a subsidiary of Merco, Mercy Health Initiatives, also hired Schore. Schore presented Merco with the intent to lease documents in February 1986, and, on April 18, 1986, Merco and Governor's Ranch entered into the lease. Rose Medical subsequently was released from its lease commitment.

In September 1986, Merco informed Governor's Ranch that it had placed further development of the project "on hold," and, on October 24, 1986, it stated that it was reconsidering its obligations under the lease because of the "dual agency" of David Schore. In November, Merco notified Governor's Ranch in writing of its intent to rescind the lease.

On December 2, 1986, Governor's Ranch and Merco filed complaints against each other in different district courts. Governor's Ranch sought preliminary and permanent injunctions requiring Merco to perform under the lease, and compensatory and exemplary damages. Merco sought restitution and rescission of the contract. The cases were consolidated, and Governor's Ranch moved for a preliminary injunction.

Concluding that none of the prerequisites for a preliminary injunction had been met, the trial court denied the motion. First, after resolving all disputed issues of fact related to witness credibility in favor of Merco, it found substantial evidence in support of Merco's dual-agency defense and, accordingly, concluded that Governor's Ranch was unlikely to succeed on the merits. Second, it ruled that Governor's Ranch had an adequate remedy at law in monetary damages. Third, it found that grant-

ing a preliminary injunction would disturb rather than preserve the status quo, and that Governor's Ranch, if it were to lose on the merits, would be unable to respond in damages for the costs Merco would incur in complying with a preliminary injunction. Finally, because the contract was a private matter, the court concluded that the injunction was not needed to serve the public interest.

Approximately one year later, after discovery had been completed, both parties moved for summary judgment. The trial court granted Merco's motion on one of the same grounds, and based on the same findings, on which it had previously denied Governor's Ranch's request for a preliminary injunction: that David Schore was an undisclosed dual agent in negotiating the lease agreement between the parties and that such dual agency entitled either party to void the agreement. It did not consider Governor's Ranch's contention that Merco waived any objection to Schore's alleged dual agency by ratifying the contract after it had knowledge of the dual agency.

The court granted Merco rescission of the contract and ordered that Governor's Ranch reimburse Merco for its security deposit and rental payments, plus interest and costs. Finally, after a subsequent hearing on the issue, the court ruled that Werking and Kowalchuk, who had not been named in the action between Governor's Ranch and Merco, were bound by the judgment against Governor's Ranch, as partners thereof, under C.R.C.P. 106(a)(5).

Governor's Ranch, Werking, and Kowalchuk then filed this appeal.

## I.

Plaintiffs first contend that the trial court erred in ruling as a matter of law that David Schore was a dual agent of Governor's Ranch and Merco. They argue that the court erred in two ways in making this determination: first, in relying on its factual findings in the preliminary injunction hearing concerning dual agency, and second, by failing to acknowledge that disputed issues of material fact existed. We agree.

## A.

The trial court's reliance on its factual findings from the preliminary injunction hearing is, in effect, a misapplication of the "law of the case."

■■■ The doctrine of the law of the case is a discretionary rule of practice directing that prior relevant rulings made in the same case generally are to be followed. *People ex rel. Gallagher v. District Court,* 666 P.2d 550 (Colo.1983). It applies to decisions of law, rather than to the resolution of factual questions, Moore's Federal Practice § 0.404[1] (1988), and discourages reconsideration only of the ruling itself, not of a court's preliminary opinion on questions of fact or law related to the ruling. *Credit Francais v. Sociedad Financiera,* 490 N.Y.S.2d 670, 128 Misc.2d 564 (Sup.Ct. 1985); *see Moore v. 1600 Downing Street, Ltd.,* 668 P.2d 16 (Colo.App.1983). "Rulings that simply deny extraordinary relief for want of a clear and strong showing on the merits, or that are avowedly preliminary or tentative, do not trigger law of the case consequences." 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 (1981); *accord Wilcox v. United States,* 888 F.2d 1111 (6th Cir.1989); *Berrigan v. Sigler,* 499 F.2d 514 (D.C.Cir. 1974).

■■ Consistent with these principles, the jurisdictions that have considered the issue have uniformly concluded that factual findings made in a preliminary injunction hearing may not *sua sponte* be used to dispose of an action on the merits by means of summary judgment. *Wilcox v. United States,* supra; *United States v. Cen–Card Agency,* 724 F.Supp. 313 (D.N.J.1989); *Consumers Union v. New Regina Corp.,* 664 F.Supp. 753 (S.D.N.Y.1987); *see also Papa Ginos's of America, Inc. v. Plaza at Latham Associates,* 524 N.Y.S.2d 536, 135 A.D.2d 74 (App.Div.1988); *Ladner v. Plaza del Prado Condominium Ass'n,* 423 So.2d 927 (Fla.App.1982); *Amfac Financial Corp. v. Pok Sung Shin,* 2 Haw.App. 428, 633 P.2d 1125 (1981); *Thompson v.*

*Barnes,* 294 Minn. 528, 200 N.W.2d 921 (1972).

These courts have reasoned that the burdens of proof and focus of the two motions are substantially different. Unlike that of a summary judgment order, the purpose of a preliminary injunction is "to prevent a tort or wrong and to preserve the status quo until final hearing and a determination as to the controverted rights of the parties." *Litinsky v. Querard,* 683 P.2d 816 (Colo.App.1984), *quoting Monatt v. Pioneer Astro Industries, Inc.,* 42 Colo.App. 265, 592 P.2d 1352 (1979). The party moving for a preliminary injunction has no obligation to present his entire case in the hearing, and, because the scope of the hearing does not encompass a decision on the ultimate merits of the case, he does not have the incentive to develop his case as thoroughly as during trial. *See Litinsky v. Querard, supra.*

Accordingly, although *evidence* received upon an application for a preliminary injunction that would be admissible at a trial on the merits becomes part of the record, C.R.C.P. 65(a)(2), absent a stipulation that the preliminary injunction hearing would also determine the merits of a permanent injunction or that the plaintiffs have no further evidence to present, preliminary injunction *findings* are not conclusive. *Miller v. Town of Palmer Lake,* 36 Colo.App. 85, 534 P.2d 1232 (1975); *Ford v. Civil Service Commission,* 36 Colo.App. 55, 534 P.2d 829 (1975); *see Allen v. City & County of Denver,* 142 Colo. 487, 351 P.2d 390 (1960); *Litinsky v. Querard, supra. Cf. Ridgeway v. Kiowa School District C–2,* —— P.2d —— (Colo.App. No. 88CA1342, November 2, 1989) (allowing a disputed issue of fact to be disposed of in an adversarial hearing prior to entry of summary judgment by stipulation of the parties). Absent such a stipulation, the summary judgment motion must be considered independently, with the preliminary injunction transcript effectively serving as a deposition or other summary judgment evidentiary document, as if no application for a preliminary injunction has been previously made. *See Ratner v. Fountains Clove Road Apartments,* Inc., 500 N.Y.S.2d 329, 118 A.D.2d 843 (1986).

Here, the record contains no stipulation by the parties allowing deviation from the rule. In addition, the trial court, in proper compliance with the rule, specifically limited the scope of the hearing: "This is not a hearing upon the merits of the parties' [complaint] ... [The purpose of this hearing] is not to try to resolve [or] to fully adjudicate the issues between the parties." Therefore, the court erred in relying on its findings in the preliminary injunction hearing to dispose of the merits of the case.

## B.

We also agree with Governor's Ranch that summary judgment was in error because the record as a whole, disregarding the trial court's reliance on its preliminary injunction findings, includes disputed evidence with respect to Schore's dual agency.

Summary judgment is appropriate only in those circumstances in which there is no dispute as to any material fact. *Mt. Emmons Mining Co. v. Crested Butte,* 690 P.2d 231 (Colo.1984). All inferences must be made in favor of the non-moving party. *Churchey v. Adolf Coors Co.,* 759 P.2d 1336 (Colo.1988).

■ Thus, when founded on the dual agency defense, a summary judgment granting rescission of a contract may be upheld only if it is undisputed that the alleged agent represented two principals with respect to the transaction, the principals had no knowledge of the common agency, *see Newton v. Mann,* 111 Colo. 76, 137 P.2d 776 (1943), and the party seeking to void the transaction has not waived the remedy of rescission by representing that it intended to perform after learning of the dual agency. *See Gladden v. Guyer,* 162 Colo. 451, 426 P.2d 953 (1967).

The evidence was equivocal as to Schore's status as agent for both parties in negotiating the lease.

■ An agent is one who acts for or in place of another by authority from him, or one who is entrusted with the business of another. *Victorio Realty Group, Inc. v.*

*Ironwood IX,* 713 P.2d 424 (Colo.App.1985). In order for a transaction to be voidable on the ground of dual agency, the alleged agent must be shown to possess some fiduciary function or discretion to negotiate for both sides, *see Newton v. Mann, supra;* one who is merely paid for specific information may not have any fiduciary function. W. Seavey, *Agency* § 149 (1964). The existence of agency status is. generally a question of fact. *Victorio Realty Group, Inc. v. Ironwood IX, supra.*

■ In weighing the credibility of witnesses, the trial court acknowledged in the preliminary injunction hearing that disputed issues of fact existed on the issue of Schore's status as agent for both Governor's Ranch and Merco. No stipulations or other evidence in the record has since resolved those disputes.

With respect to Schore's agency status for Governor's Ranch, although it is undisputed that Schore was a consultant for Zieg on matters of demographics and space planning for physicians, there is little evidence that he had any authority to act for Zieg as a real estate salesman or that he did so. Both Zieg and Schore testified that Schore did not have sales authority and explained in detail that his duties were only to provide certain demographic information. In addition, exhibits were introduced of statistical studies Schore submitted consistent with these duties.

The evidence submitted by Merco does not demonstrate as a matter of law that Schore's duties were more expansive. While it is undisputed that one day after receiving his commission for securing the lease, Zieg paid Schore an amount equal to almost half the commission, there was also evidence that the payment was not intended to be a commission but rather was for services rendered. Even if the payment were for a shared commission, that in itself would not establish that Schore was an agent for Governor's Ranch. *See Real Equity Diversification, Inc. v. Coville,* 744 P.2d 756 (Colo.App.1987).

Nor does the letter by Governor's Ranch to the Real Estate Commission, in which the former filed a complaint about Zieg and referred to Schore as Zieg's "partner" in collecting a double commission for leasing the same property to both Rose and Merco, eliminate the disputed issues. Insofar as the letter can be interpreted as an admission of Schore's dual agency status, it is only prima facie, not conclusive, evidence on the matter. *See Watson v. Merritt,* 149 Colo. 562, 369 P.2d 989 (1962).

Similarly, with respect to Schore's duties for Merco, although there is some evidence that Merco authorized Schore to help negotiate a release of Rose from its lease obligation to Governor's Ranch and to carry lease documents back and forth, there was also evidence that the major part of his duties to Merco was to provide demographic information about the site. Schore testified, and Merco's witnesses did not refute, that he had no discretion over the content of the lease. Schore's occupation was that of "health care planner and economist." It was not, and never had been, that of real estate agent.

In light of the conflicting evidence concerning whether Schore's duties for either Governor's Ranch or Merco were more than informational, and viewing the evidence in the light most favorable to Governor's Ranch, we cannot conclude that there exists no genuine issue as to whether Schore was a dual agent.

## II.

We note, in addition, that even if Schore's status as an agent of both parties were undisputed, it appears that the summary judgment granting Merco rescission would still have been in error because of the evidence that Merco was on notice of Schore's relationship with Zieg at the time it signed the lease, and because of further evidence that Merco waived its right to rescind by entering into and continuing to affirm the contract after learning of the alleged dual agency. Contrary to Merco's assertion, Governor's Ranch did plead the defense of waiver in its answer and, therefore, did not waive its right to rely thereon. Although the trial court considered the issue of notice, it did not consider that of

ratification in its summary judgment order. If, on remand, it is determined that Schore was a dual agent in negotiating the lease, the question of waiver, both before and after the signing of the contract, must also be addressed.

### III.

Because we have reversed the summary judgment against Governor's Ranch, it is unnecessary for us to address the issue of whether Werking and Kowalchuk are bound by that judgment under C.R.C.P. 106(a)(5). However, we note that Merco may move to add them as parties on remand.

We also do not address the issue of whether Governor's Ranch is entitled to a jury trial. On appeal, the jury trial question was presented only in the context of whether the trial court erred in according conclusive status to its factual findings in the preliminary injunction hearing, which issue we have disposed of on other grounds. In addition, the trial court also did not reach this issue because of its disposition of the case on summary judgment based on Merco's affirmative defense.

The summary judgment granting rescission and restitution to Merco is reversed, and the cause is remanded for further proceedings.

SMITH, J., concurs.

TURSI, J., specially concurs.

Judge TURSI, specially concurring.

I agree that the summary judgment as entered in this matter failed to address contested questions of fact on whether Merco ratified the contract at issue after discovery of the dual agency, a material issue raised by Governor's Ranch in defense of Merco's right to rescission, and therefore concur in the result. However, because I disagree with the majority's holding that the trial court erred when it relied in part on the evidence received on the motion for mandatory preliminary injunction, I write specially.

Governor's Ranch's verified motion for mandatory preliminary injunction was presented to the trial court at a contested hearing which covered approximately three full days of testimony. Merco's resistance to the motion placed the issue of dual agency squarely before the court. At the conclusion of the testimony, the trial court stated that though it was not trying to resolve all the issues between the parties, nevertheless, it was required to, and did, address the issue whether David Schore had been a dual agent.

The trial court found the evidence showed that Schore was hired and paid by Merco to assist them in negotiating this lease and that he had been so employed from the very beginning as far as Merco was concerned. Further, it found it to be clear that Schore had an ongoing relationship with Bradley Zieg, and it was uncontested that Schore received substantially one-half of the sum received by Zieg as the commission paid by Governor's Ranch in this project. Further, the trial court rejected as being incredible the testimony of both Schore and Zieg in explanation of why Schore received the payment from Zieg.

After additional discovery by the parties, the trial court heard Merco's motion for summary judgment. The trial court held, pursuant to C.R.C.P. 65(a)(2), that the evidence received on the application for mandatory preliminary injunction had become part of the record and that it need not be repeated on trial. Determining that the dispositive issue—Schore having acted as a dual agent—had been established at the prior hearing and remained unrebutted as viewed in a summary judgment posture, the trial court held the transaction between the parties to be voidable at the election of either principal. *See Newton v. Mann*, 111 Colo. 76, 137 P.2d 776 (1943).

Further, the court held that, rescission being equitable in nature, the claim was triable by the court and not by a jury. Therefore, it granted Merco's motion for summary judgment with respect to rescission of lease agreement and awarded it a return of its security deposit and rents paid under protest.

C.R.C.P. 65(a)(2), in pertinent part, provides:

"[A]ny evidence received upon an application for a preliminary injunction which would be admissible upon a trial on the merits becomes part of the record on the trial and need not be repeated upon the trial, this subsection (a)(2) shall be so construed and applied as to save the parties any rights they may have to trial by jury."

I agree with the trial court's conclusion that under the pleadings and facts of this case, the trust of the claims was in equity and, thus, Governor's Ranch was not entitled to trial by jury.

Inasmuch as there had been a full adversary hearing on the question of dual agency, and no disputed evidence of material fact to the dual agency having been developed in subsequent discovery, no right to a jury trial exists. *See Ridgeway v. Kiowa School District C–2*, 794 P.2d 1020 (Colo. App.1989) (allowing a disputed issue of fact to be disposed of in an adversarial hearing prior to entry of summary judgment). Hence, I find no error here in the trial court's determination of that narrow issue based on the evidence in the record.

Governor's Ranch contended that Merco's knowledge of Schore's prior relationship with Zieg constituted a disclosure of the dual agency which bars rescission. I disagree.

It is not enough for an agent to put a principal on inquiry concerning his dual status. Rather an agent must disclose such material facts as are unknown to the principal as will enable the principal to form a reasonably correct opinion and conclusion to its best interest. *McNeill v. Dobson–Bainbridge Realty Co.*, 184 Tenn. 99, 195 S.W.2d 626 (1946); *Spratlin, Herrington & Thomas, Inc. v. Hawn*, 116 Ga. App. 175, 156 S.E.2d 402 (1967). Here, the evidence is uncontested that full disclosure was not made to either principal, and although an agent may with full knowledge of both principals represent principals having adverse interest, such is not the case before us.

There is undisputed evidence in the record that when Merco questioned Schore about his prior relationship with Zieg, Schore denied that there was any continuing relationship between them. Further, there were unrebutted admissions by the principals of Governor's Ranch that they were also unaware of Schore's functioning as a dual agent.

On its entry of summary judgment, the trial court found that Governor's Ranch failed to present any evidence indicating an awareness by Merco that Schore was in fact acting as dual agent and that not only had he been paid over $20,000 by Merco but also had received $20,000 from Zieg's commission on the deal. Hence, the trial court did not err in granting summary judgment denying this defense. To place this matter in proper perspective, it must be remembered that Governor's Ranch in its request for mandatory preliminary injunction was not seeking to maintain the status quo, but rather was seeking to force an immediate change in it.

Cases relied upon by Governor's Ranch are inapposite. None of the cases cited by the majority arose from entry of summary judgment. In all of them, the losing party on the requesting preliminary injunction was denied the right to introduce evidence on material issues not germane to the preliminary injunction.

Here, Governor's Ranch was given the opportunity to discover and present such evidence. And, although it failed to develop any evidence to dispute the dual agency, it did develop evidence which created a dispute concerning the material issue of ratification of the dual agency by waiver after learning of the relationship.

Therefore, I agree that the matter must be remanded to the trial court for further proceedings. *See Gladden v. Guyer*, 162 Colo. 451, 426 P.2d 953 (1967).